ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD JOHNSON #4532
Deputy Chief, Violent Crime and Drug Section

MORGAN EARLY #10104
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone:   541-2850
Facsimile: (808) 541-2958
E-mail: Morgan.Early@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 10 2018

at 10 o'clock and 47 min. A M.
SUE BEITIA. CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 17-00513 JMS |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA |
| ) | AGREEMENT |
| vs. ) | |
| ) | |
| CHRISTOPHER ERNEST FOX, ) | Date:   April 10, 2018 |
| ) | Time:   10:00am |
| Defendant. ) | Judge:   Hon. J. Michael Seabright |
| ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorneys, Kenji M. Price, United States

Attorney, and Morgan Early, Assistant United States Attorney, and Defendant,

CHRISTOPHER ERNEST FOX, by his attorney, Max Mizono, Assistant Federal

Public Defender, have agreed upon the following:

      1.    Defendant acknowledges that he has been charged in the

Indictment with violating Title 18, United States Code, Sections 1470, 2251(a) and

(e), 2261A(2)(B), 2252A(a)(2)(A) and (b)(1), and 2252A(a)(5)(B).

      2.    Defendant has read the charges against him contained in the

Indictment, and those charges have been fully explained to him by his attorney.   In

making his decision to plead guilty, Defendant has had the full opportunity to

consult with his undersigned defense attorney, and he is fully satisfied with the

legal representation and advice he has received from his defense attorney.

      3.    Defendant fully understands the nature and elements of the

crimes with which he has been charged.   The elements of the crimes are as

follows:

      a.    Count 1: Transfer of Obscene Material to a Minor (§ 1470)

           i.   The defendant knowingly used the mail or any means or
facility of interstate commerce to transfer obscene matter;

           ii.  the defendant knew he was transferring the matter to an
individual less than 16-years-old;

           iii. the defendant knew at the time of the transfer the general
nature of the contents of the matter; and

           iv.  the matter is obscene.

b.     Count 2: Sexual Exploitation of Children (§ 2251(a))

      i.     The defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

      ii.    at the time, the victim was a minor; and

      iii.   the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

c.     Count 3: Cyberstalking (§ 2261A(2)(B))

      i.     The defendant used the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

      ii.    that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to another person; and

      iii.   with the intent to harass, intimidate, or place under surveillance with intent to harass or intimidate another person.

d.     Count 4: Distribution of Child Pornography (§ 2252A(a)(2)(A))

3

    i.   The defendant knowingly distributed a visual depiction of sexually explicit conduct;

    ii.  the production of which involved the use of a minor;

    iii.  that was shipped, transported, or mailed in interstate or foreign commerce, by any means including computer; and

    iv.  the defendant knew that such items contained child pornography.

e.      Count 5: Possession of Child Pornography (§ 2252A(a)(5)(B))

    i.   The defendant knowingly possessed any matter that contained an image of child pornography;

    ii.  such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

    iii.  the defendant knew that such items contained child pornography.

4.      Defendant will enter a voluntary plea of guilty to Count 2 of the Indictment charging him with sexual exploitation of children.   The Government agrees to move to dismiss Counts 1, 3, 4, and 5 of the Indictment as to Defendant after sentencing.   However, any related conduct encompassed by Counts 1, 3, 4, and 5 of the Indictment may be used in determining the applicable guideline range

4

pursuant to Section 1B1.3 of the Sentencing Guidelines.   The Government also

agrees that it will not seek an upward departure at sentencing in this case.

     5.    Defendant agrees that this Memorandum of Plea Agreement

shall be filed and become part of the record in this case.

     6.    Defendant enters this plea because he is in fact guilty of sexual

exploitation of a child, as charged in Count 2 of the Indictment.   Defendant agrees

that this plea is voluntary and not the result of force or threats.

     7. Defendant understands that the penalties for the offense set forth

in Count 2, to which he is pleading guilty, are as follows:

     a.    A term of imprisonment not less than 15 years nor more

than 30 years; a fine of up to $250,000; and a term of supervised

release of not less than five years and up to life.

     b.    Restitution pursuant to Title 18, United States Code,

Sections 2259 and 3363A, to victims in amounts to be identified by

the Court, with the assistance of the United States Probation Office,

for the offense set forth in Count 2.

     c.    The Court must impose a $100 special assessment as to

each count to which Defendant is pleading guilty.   Defendant agrees

to pay $100 for each count to which he is pleading guilty to the

District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

        d.     Defendant understands and accepts his obligations under the Sex Offender Registration and Notification Act.

8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

**Count 2:  <u>Sexual Exploitation of Children</u>**

        a.     On an exact date unknown, but sometime in August 2016, Defendant contacted a minor female (referred to herein as "MV") using the social media platform Instagram after they previously exchanged contact information on other social media.   He sent messages to MV using the messaging feature of Instagram, as well as Snapchat, another social media platform, and she responded.   MV told him she was thirteen years old, when in fact she was twelve years old.

6

b.      At first their conversations were normal, and MV shared details of her life with him, including the fact that she lived in England.   Eventually MV shared some of her personal struggles with Defendant.   Defendant engaged in at least one Facetime video chat with MV, during which time the two spoke to each other with a video feed and saw each other's image. Defendant's communications with MV took place while he was within the District of Hawaii.

c.      In September, Defendant persuaded and enticed MV to send him digital photos of herself without any clothes on.   When MV refused, Defendant insisted, enticed, and persuaded her to take naked photos of herself and send them to him.   MV then took sexually explicit photos of herself without clothes on and sent them to Defendant using her mobile phone.   In some photos MV sent to Defendant, she wore a robe and took photos in the mirror while exposing her naked buttocks (*i.e.*, pulling apart her butt checks with her hand) and the side of her naked breasts.   Another photo was a close-up image of her naked and exposed genitals.   After Defendant received these photos from MV, Defendant asked MV to send a full-body naked photo of herself.   MV sent Defendant at least one photo of herself in which she is not wearing any clothes (her full body is naked) and

7

the side of her face is visible.   The parties agree that the content of these images fulfills the standard for "sexually explicit conduct" under 18 U.S.C. § 2256(2)(A).

        d.      MV sent at least some of these sexually explicit images of herself, which displayed her naked body, genitals, and pubic area, to Defendant using the social media platform Snapchat, from where she lived in England.   When he received them, Defendant took a "screenshot" of these images, which automatically saved the images as individual image files in his mobile phone.

        9.   In accordance with Rule 32.1(a) of the Criminal Local Rules of Practice for the United States District Court for the District of Hawaii, the parties agree that in light of the facts set forth above, the charge to which Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

        10.   Pursuant to Rule 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.     Factual stipulations:   Defendant and the United States agree that the facts presented in paragraph 8 of this Agreement shall be stipulated to for the purposes of this Agreement and sentencing.

b.     Offense level stipulations:   The parties do not stipulate to any United States Sentencing Guidelines provisions, other than what is described in the next paragraph, 10(c).

c.     Based upon information presently known to the United States, the United States agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that Defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a).   The United States Attorney further agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently as to Defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense

9

level pursuant to Guideline § 3E1.1(b)(2).   Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

       d.    The parties are free to argue the applicability of any other Sentencing Guidelines provisions.

       e.    The parties reserve the right to argue in favor or against any restitution costs that may be reflected in the presentence report.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.  Defendant is aware that he has the right to appeal his conviction and the sentence imposed.   Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence

within the maximum provided in the statutes of conviction or the manner in which

that sentence was determined, on any ground whatever, in exchange for the

concessions made by the prosecution in this plea agreement.

      a.   Defendant also waives his right to challenge his conviction

or sentence or the manner in which it was determined in any collateral attack,

including, but not limited to, a motion brought under Title 28, United States Code,

Section 2255, except that defendant may make such a challenge (1) as indicated in

subparagraph "b" below, or (2) based on a claim of ineffective assistance of

counsel.

      b.   If the Court imposes a sentence greater than specified in the

guideline range determined by the Court to be applicable to Defendant, Defendant

retains the right to appeal the portion of his sentence greater than specified in that

guideline range and the manner in which that portion was determined and to

challenge that portion of his sentence in a collateral attack.

      c.   The prosecution retains its right to appeal the sentence and

the manner in which it was determined on any of the grounds stated in Title 18,

United States Code, Section 3742(b).

      13.   Defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   Defendant

agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14.   Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15.   Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   Defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of Defendant's guilt beyond a reasonable doubt.

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, Defendant could present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

13

e.   At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16.   Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19.   Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

14

20.     This Memorandum of Plea Agreement is a full and complete

recitation of the agreements and stipulations between the parties and there are no

agreements or understandings that are not included herein.

DATED:   Honolulu, Hawaii, April 10, 2018      .

AGREED:


KENJI M. PRICE
United States Attorney
District of Hawaii

_____
RON JOHNSON
Deputy Chief
Violent Crime and Drug Section

_____
CHRISTOPHER ERNEST FOX
Defendant



_____
MORGAN EARLY
Assistant U.S. Attorney

_____
MAX MIZONO
Assistant Federal Defender


*United States v. Christopher Ernest Fox*
Cr. No. 17-00513 JMS
"Memorandum of Plea Agreement"

15